# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL LEON TAPIA,<br><br>Defendant. | Case No. 1:12-CR-000344-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>(Doc. 162) |

Before the Court is Defendant's motion (Doc. 162) that the Court reconsider its June 10, 2015 Order denying a reduction in his sentence, *see* Doc. 151. Proceeding *pro se*, Defendant filed the instant motion under U.S.S.G. §1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* Doc. 151. The Federal Defender's Office ("FDO") filed a notice declining to supplement the motion. *See* Doc. 163. The Government opposes the motion on the basis that the Defendant is not eligible for a reduction under § 1B1.10. *See* Doc. 166. Upon review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion for reconsideration.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

## I.   BACKGROUND

On December 2, 2014, Defendant Miguel Angel Leon Tapia ("Defendant" or "Tapia") pleaded guilty to Count Two of the Indictment, Possession with the Intent to Distribute and Distribution of Methamphetamine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). *See* Plea Agreement, Doc. 106 at 1; *see* PSR ¶ 1.

Pursuant to §2D1.1(c)(3), the PSR found that the Defendant's base offense level was 34 (based on the amount of actual methamphetamine involved in the case), *see* PSR at ¶ 15, and his criminal history was category I (based on 0 criminal history points). *See id.* at ¶¶ 28 & 29. The PSR recommended a three-level increase for Defendant's role in the offense, pursuant to § 3B1.1(b), *see id.* at ¶¶ 18-20, and, also, that pursuant to §§ 3E1.1(a) and (b), his acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 34. *See id.* at ¶ 22-24. The Guidelines range for a defendant with an offense level of 34 and a criminal history category I was 151-188 months, *see* U.S.S.G. Ch. 5, Pt. A., and the PSR recommended imposing a sentence of 151 months. *See* PSR at 3 & 11. At sentencing on March 16, 2015, the Court declined to follow the PSR and imposed an 80-month sentence for Count Two, as well as 60 months supervised release, and a $100 special assessment. *See* Docs. 141, 142, 156.

On May 26, 2015, Defendant Tapia filed his original § 3582 motion to reduce his sentence (Doc. 148), which the Court denied (Doc. 151). Defendant asks the Court to reconsider (Doc. 162).

## II.   LEGAL STANDARD

### Standard of Review

Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin,* 226 F.3d 1042, 1049 (9th Cir. 2000). Generally, reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been

raised earlier in the litigation. *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003); *see also Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

### Sentence Reduction

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted).

//

### III. DISCUSSION

Defendant asserts that he is entitled to a reduction below his original 80-month sentence because "other sister courts are granting the same motions under [the] Amendment, despite the excessive amount of drugs involved in offenses." Doc. 162 at 1. Citing a case out of the Eastern District of Virginia, *United States v. Lora*, Case No. 1:98-cr-358 (original citation), Defendant argues that "under the equal protection of the law as codified under 18 U.S.C. § 3553(a)(6), he is entitled to have his sentence reduced … because other defendants in other courts … received such reduction … ." Doc. 162 at 2. Defendant avers that this Court "would be violating the equal protection and the 3553(a)(6) requirements" if it did not follow *Lora*[2] to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* at 4. In sum, Defendant does not address the Court's step-one inquiry, but implies that the Court's order denying his original motion to reduce sentence was erroneous at step two.

The initial inquiry of whether Defendant is eligible for sentence reduction is informed by the Sentencing Commission's constraints on the Court's authority to modify a sentence. *Dillon*, 560 U.S. at 825-26. Section 3582 permits a sentence reduction only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to §1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

The Court previously denied Defendant's original § 3582 motion on the grounds that he was ineligible for a reduction. *See* Doc. 151 at 1, Order Denying Defendant's Motion Pursuant to Title 18 U.S.C. § 3582(c)(2). Specifically, the Court explained that Defendant was sentenced after the promulgation of Amendment 782 and therefore already benefitted from the guidelines changes therein. *Id.* at 1-2. At sentencing, the Court acknowledged that the post-Amendment sentencing guideline range was 151-188 months (based on a total offense level of 34 and criminal history

---

[2] Although Defendant states that he included a copy of the *Lora* order granting the motion to reduce sentence as Exhibit No. 4, the Court finds no such supporting exhibit. Via Public Access to Court Electronic Records ("PACER"), the Court found the case, *United States v. Wilfredo Gonzalez Lora*, Case No. 1:98-cr-00358-LMB.

category I), and made the calculation using the drug quantity table as adjusted by Amendment 782. *See id.*; PSR at ¶ 15, 28, 29; *see also* § 1B1.10. Here, the Court again concludes that Defendant is ineligible for a sentence reduction, "because the defendant was sentenced on March 15, 2015 pursuant to the November 1, 2014 version of the Sentencing Guidelines which incorporated the changes made by Amendment 782." *Id.* at 1:21-23. Because the application of the Amendment does not have the effect of lowering Defendant's applicable guideline range, § 1B1.10 (a)(2)(B) requires the Court to find that no reduction of sentence may occur. *See, e.g., United States v. Leniear,* 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules). The answer at step one is that Defendant does not qualify for a sentence reduction.

Defendant contends that the Court must review 3553(a) factors,[3] including the *Lora* case. *See* Doc. 162 at 4. To the extent that the movant asks the Court to reduce his sentence based on the § 3553(a) factors considered at step two, the Court declines. As the answer at step one is "No," the Court does not proceed to step two. *See* § 1B1.10; *Dunn*, 728 F.3d at 1155.

Although Defendant requests here that the Court reconsider its denial, he does not cite to, and the Court cannot find, legal precedent showing an intervening change in controlling law or any case demonstrating an unwarranted sentencing disparity. Defendant argues that in *United States v. Lora* the Eastern District of Virginia[4] granted a sentence reduction in circumstances similar to Defendant's, thus he is due a similar reduction in sentence. However, the Virginia trial court rendered an order granting a defendant's motion for a sentence reduction in a one-page form order,

---

[3] The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

[4] Between the Eastern District of Virginia, the Fourth Circuit Court of Appeals, and the Supreme Court, there are no fewer than 27 orders relating to *United States v. Lora*. *See, e.g., In re Lora*, 136 S. Ct. 603 (2015) (denying petition for writ of habeas corpus); *see also United States v. Lora*, 629 F. App'x 564, 566 (4th Cir. 2015) (per curiam) (finding that petitioner's Rule 60(b) motion seeking relief from the district court's § 2255 judgment is the functional equivalent of a successive § 2255 motion; and, affirming the district court's order denying authorization to file a successive § 2255 motion); *see also United States v. Lora*, 622 F. App'x 230 (4th Cir. 2015) (granting en banc review); *see also United States v. Lora*, 588 F. App'x 240, 241 (4th Cir. 2014) (denying authorization to file a successive § 2255 motion), *reh'g and reh'g en banc granted,* 622 F. App'x 230 (4th Cir. 2015), *and on reh'g*, 629 F. App'x 564 (4th Cir. 2015).

absent explanation. *See United States v. Wilfredo Gonzalez Lora*, Case No. 1:98-cr-00358-LMB, CM/ECF No. 448 (May 29, 2015). In other words, the legal reasoning behind that court's decision is unavailable. But even if *Lora* is in the posture Defendant describes, it is an out-of-district trial court case and does not control here. *See, e.g., Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 223 (9th Cir. 2013) (finding that trial court decisions are not legal precedent). In sum, Defendant fails to demonstrate an intervening change in controlling law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice. *See Multnomah,* 5 F.3d at 1263. Absent such evidence, granting the instant motion for reconsideration is inappropriate. *See Carroll,* 342 F.3d at 945.

## IV. CONCLUSION AND ORDER

At sentencing, the Court gave Defendant the only sentence reduction for which he is eligible. His original sentence reduction motion was denied. Defendant offers no valid grounds for reconsideration. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Miguel Angel Leon Tapia's motion for reconsideration of the Court's Order granting a reduction in his sentence (Doc. 162) is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 7, 2016**          **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE